UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JULIE MATHEWS,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>LIFE INSURANCE COMPANY OF NORTH AMERICA, a subsidiary of CIGNA CORPORATION,<br><br>　　　　　Defendant | CASE NO.:<br><br>**COMPLAINT FOR BREACH OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974; ENFORCEMENT AND CLARIFICATION OF RIGHTS; PREJUDGMENT AND POST-JUDGMENT INTEREST; AND ATTORNEYS' FEES AND COSTS** |

COMPLAINT
Case No.:

Kantor & Kantor, LLP
19839 Nordhoff Street, Northridge, CA 91324
(818) 886-2525

## INTRODUCTION

1. Plaintiff Julie Mathews ("Plaintiff") brings this action for declaratory, injunctive, and monetary relief pursuant to § 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B). At issue is Defendant Life Insurance Company of North America's ("LINA's") refusal to approve and pay Plaintiff rightfully owed long-term disability ("LTD") income benefits as a result of her disability.

2. Plaintiff, an employee at Accenture LLP ("Accenture") was one of the first people in the Seattle area to be diagnosed with COVID-19 in March 2020. Five months pregnant at the time, she went out on maternity leave expecting to return to work. After finding that her COVID-19 had not resolved as anticipated, she applied for short term disability ("STD") benefits on or about October 8, 2020, which were approved by LINA and paid through the maximum date. Plaintiff then applied for LTD disability benefits, which LINA denied on August 3, 2021. Plaintiff appealed LINA's denial of her LTD claim on January 18, 2022. LINA has never responded to the appeal or any of Plaintiff's inquiries about its status.

## JURISDICTION

3. This Court has subject matter jurisdiction over Plaintiff's claim pursuant to ERISA § 502(e) and (f), 29 U.S.C. § 1132(e) and (f), and 28 U.S.C. § 1331.

## PARTIES

4. Defendant Life Insurance Company of North America (LINA) is a corporation with its principal place of business in the State of Pennsylvania, incorporated in Pennsylvania, and is authorized to transact and is transacting business in the Western District of Washington.

5. LINA is the underwriter of a fully-insured group policy that funds disability benefits provided by Accenture LLP through an employee welfare benefit plan within the meaning of ERISA § 3(1), 29 U.S.C. § 1002(1) (the "Plan"). At all relevant times, the Plan offered, *inter alia*, STD and LTD benefits to participants, including Plaintiff.

6. Defendant LINA is the claims administrator and fiduciary for the Plan with respect to STD and LTD benefits. LINA makes decisions regarding eligibility for STD and LTD benefits under the terms of the Plan.

7. At all relevant times, Plaintiff was a participant, as defined by ERISA § 3(7), 29 U.S.C. § 1002(7), in the Plan.

**VENUE**

8. Plaintiff resides in King County, Washington.

9. LINA is a wholly owned subsidiary of Cigna Corporation, which has offices in Seattle, Washington. LINA conducts business in the Western District of Washington.

10. Venue lies in the Western District of Washington pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because Plaintiff resides in this District and the breaches alleged occurred in this District. Venue is also proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within this District.

**FACTS**

11. Plaintiff was working for Accenture in 2020 when she became one of the first people in the country diagnosed with COVID-19 in March 2020. Five months pregnant at the time, Plaintiff spent much of her illness on maternity leave, expecting to have recovered by the end of her maternity leave. Plaintiff's symptoms did not resolve, however. On or about October 8, 2020, she applied for and received STD benefits due to medical conditions which prevented her from performing the required duties of her job as a software developer for Accenture. These medical conditions include long haul COVID-19 and its myriad symptoms, pulmonary issues, and liver enzymes complications.

12. As her STD benefits neared their six-month maximum, LINA began to review Plaintiff's claim for eligibility for LTD benefits.

13. Plaintiff's STD benefits terminated on or before April 6, 2021. LINA denied Plaintiff's claim for LTD benefits and closed her claim on August 3, 2021 on the basis it did not have sufficient records to confirm her restrictions and limitations. After receiving the records it sought in October 2021, LINA again summarily denied Plaintiff's claim for LTD benefits on November 3, 2021. In its letter to Plaintiff, LINA improperly advised Plaintiff to refer to its letter dated August 3, 2021 for details on the basis of the adverse determination as well as any next steps

available to her rather than providing the required explanation for its new decision. Plaintiff timely appealed the denial of her benefits on January 18, 2022.

14. LINA failed to comply with statutory timeframes mandated by federal law, which require a decision on an appeal within 45 days. It has not responded at all to Plaintiff's appeal, though over four months have passed. Nor has it responded to her repeated inquiries about its status. Plaintiff therefore understands her appeal to be denied and her administrative remedies exhausted.

15. Plaintiff has been continuously disabled under the terms of the Plan and entitled to LTD benefits from April 6, 2021 through the present.

## COUNT I

**[Claim for Benefits Against Defendants Pursuant to ERISA § 502(a)(1)(B)]**

16. Plaintiff incorporates Paragraphs 1 through 15 as though fully set forth herein.

17. ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), permits a plan participant to bring a civil action to recover benefits due to her under the terms of a plan, to enforce her rights under the terms of a plan, and/or to clarify her rights to future benefits under the terms of a plan.

18. At all relevant times, Plaintiff has been entitled to disability benefits under the Plan. By denying Plaintiff's claim for disability benefits under the Plan, and by related acts and omissions, LINA has violated, and continues to violate, the terms of the Plan and Plaintiff's rights thereunder.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court grant the following relief:

A. Declare that LINA violated the terms of the Plan by denying Plaintiff's claim for LTD benefits;

B. Order LINA to pay LTD benefits to Plaintiff pursuant to the terms of the Plan from April 6, 2021 through the date judgment is entered herein; together with pre-judgment interest on each and every such monthly payment through the date judgment is entered herein;

C. Declare Plaintiff's right to reinstatement in the Plan and her right to receive future

disability benefit payments under the terms of the Plan for as long as she remains disabled under the Plan's terms;

D. Award Plaintiff reasonable attorneys' fees and costs of suit incurred herein pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g); and

E. Provide such other relief as the Court deems equitable and just.

DATED: April 21, 2022

KANTOR & KANTOR, LLP

By: _____
Stacy Monahan Tucker
WSBA 43449
Attorneys for Plaintiff
JULIE MATHEWS
KANTOR & KANTOR, LLP
19839 Nordhoff Street
Northridge, CA 91324
E-mail: stucker@kantorlaw.net
Telephone: (818) 886-2525
Facsimile: (818) 350-6272